# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **CRESCENT & SPRAGUE SUPPLY CO., INC.,** | : | **Civil Action 2:15-CV-100** |
|  | : | **Judge Frost** |
| **Plaintiff,** | : | **Magistrate Judge King** |
| **v.** | : |  |
|  | : |  |
| **RE-LIGHT RECYCLING, LLC, JEFFREY M. HOWE and DEBORAH S. HOWE,** | : |  |
|  | : |  |
| **Defendants.** | : |  |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS RE-LIGHT RECYCLING, LLC, JEFFREY M. HOWE and DEBORAH S. HOWE

NOW COME the Defendants, Re-Light Recycling, LLC ("Re-Light"), Jeffrey M. Howe and Deborah S. Howe, by and through their undersigned counsel, Michelle L. Gorman and the law firm of Mannion and Gray Co., L.P.A., and Michael L. Fortney and the law firm of Fortney & Klingshirn, and for their Answer to the Plaintiff's Complaint, state as follows:

1.      In answering Paragraph 1 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

2.      The Defendants admit that Re-Light Recycling, LLC is a West Virginia limited liability company, and that Jeffrey M. Howe of 78 Oakridge Drive, Parkersburg, West Virginia, is the agent of process, but deny all other allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.      In answering Paragraph 3 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

4.      In answering Paragraph 4 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

5.      In answering Paragraph 5 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

6.      In answering Paragraph 6 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

7.      In answering Paragraph 7 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

8.      Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 7 above as if set forth in full herein.

9.      In answering Paragraph 9 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

10.      In answering Paragraph 10 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

11.      In answering Paragraph 11 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

12.      In answering Paragraph 12 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

13.      In answering Paragraph 13 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

14. In answering Paragraph 14 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

15. In answering Paragraph 15 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

16. In answering Paragraph 16 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

17. In answering Paragraph 17 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that Jeffrey Howe was permitted to take customers out for meals and entertainment, but denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. In answering Paragraph 19 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

20. In answering Paragraph 20 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

21. In answering Paragraph 21 of Plaintiff's Complaint, the defendants admit that Mr. Howe's employment with Crescent & Sprague Supply Co., Inc. started in December of 1985, but are without sufficient knowledge as to the exact date.

22.     In answering Paragraph 22 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

23.     In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that Mr. Howe was required to use his best efforts in his employment but is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore deny the same.

24.     In answering Paragraph 24 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

25.     In answering Paragraph 25 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

26.     In answering Paragraph 26 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

27.     In answering Paragraph 27 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

28.     In answering Paragraph 28 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

29.     In answering Paragraph 29 of Plaintiff's Complaint, the Defendants deny the allegations contained therein

30.     In answering Paragraph 30 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

31.     In answering Paragraph 31 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

32.     In answering Paragraph 32 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

33.     In answering Paragraph 33 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

34.     In answering Paragraph 34 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

35.     In answering Paragraph 35 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

36.     In answering Paragraph 36 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

37.     In answering Paragraph 37 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

38.     In answering Paragraph 38 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

39.     In answering Paragraph 39 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

40.     In answering Paragraph 40 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

41.     In answering Paragraph 41 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

42.     In answering Paragraph 42 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

43. In answering Paragraph 43 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

44. In answering Paragraph 44 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

45. In answering Paragraph 45 of Plaintiff's Complaint, the Defendants state that the allegations in Paragraph 45 of the Plaintiff's Complaint do not require a response. To the extent that the allegations infer any wrongdoing on the part of the Defendants, the same is denied.

46. In answering Paragraph 46 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

47. In answering Paragraph 47 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

48. In answering Paragraph 48 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

49. In answering Paragraph 49 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

50. In answering Paragraph 50 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

51. In answering Paragraph 51 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

52.     In answering Paragraph 52 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

53.     In answering Paragraph 53 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

54.     In answering Paragraph 54 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

55.     In answering Paragraph 55 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

56.     In answering Paragraph 56 of Plaintiff's Complaint, the Defendants deny the allegations contained therein

57.     In answering Paragraph 57 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

58.     In answering Paragraph 58 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

59.     In answering Paragraph 59 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

60.     In answering Paragraph 60 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

61.     In answering Paragraph 61 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

62. In answering Paragraph 62 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

63. In answering Paragraph 63 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

64. In answering Paragraph 64 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

65. In answering Paragraph 65 of Plaintiff's Complaint, the Defendants admit the allegations contained therein.

66. In answering Paragraph 66 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

67. In answering Paragraph 67 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

68. In answering Paragraph 68 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

69. In answering Paragraph 69 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

70. In answering Paragraph 70 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

71. Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 70 above as if set forth in full herein.

72. In answering Paragraph 72 of Plaintiff's Complaint, Defendants admit the Employment Agreement is dated April 1, 2004, but denies the remaining allegations contained in the Complaint.

73.     In answering Paragraph 73 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.  By way of further response, the subject Employment Agreement speaks for itself.

74.     In answering Paragraph 74 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

75.     In answering Paragraph 75 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.  By way of further response, the subject Employment Agreement speaks for itself.

76.     In answering Paragraph 76 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.  By way of further response, the subject Employment Agreement speaks for itself.

77.     In answering Paragraph 77 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.  By way of further response, the subject Employment Agreement speaks for itself.

78.     In answering Paragraph 78 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

79.     In answering Paragraph 79 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

80.     In answering Paragraph 80 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

81.     In answering Paragraph 81 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

82.     In answering Paragraph 82 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

83.     In answering Paragraph 83 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

84.     In answering Paragraph 84 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

85.     In answering Paragraph 85 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

86.     In answering Paragraph 86 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

87.     In answering Paragraph 87 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

88.     In answering Paragraph 88 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

89.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 88 above as if set forth in full herein.

90.     In answering Paragraph 90 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

91.     In answering Paragraph 91 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

92.     In answering Paragraph 92 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

93.     In answering Paragraph 93 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

94.     In answering Paragraph 94 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

95.     In answering Paragraph 95 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

96.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 95 above as if set forth in full herein.

97.     In answering Paragraph 97 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

98.     In answering Paragraph 98 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

99.     In answering Paragraph 99 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

100.     In answering Paragraph 100 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

101.     In answering Paragraph 101 of Plaintiff's Complaint, the Defendants deny the allegations contained therein

102.     In answering Paragraph 102 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

103.     In answering Paragraph 103 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

104.     In answering Paragraph 104 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

105.     In answering Paragraph 105 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

106.     In answering Paragraph 106 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

107.     In answering Paragraph 107 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

108.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 107 above as if set forth in full herein.

109.     In answering Paragraph 109 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

110.     In answering Paragraph 110 of Plaintiff's Complaint, the Defendants deny the allegations contained therein

111.     In answering Paragraph 111 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

112.     In answering Paragraph 112 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

113.     In answering Paragraph 113 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

114.     In answering Paragraph 114 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

115.     In answering Paragraph 115 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

116.     In answering Paragraph 116 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

117.     In answering Paragraph 117 of Plaintiff's Complaint, the Defendants deny the allegations contained therein

118.     In answering Paragraph 118 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

119.     In answering Paragraph 119 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

120.     In answering Paragraph 120 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

121.     In answering Paragraph 121 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

122.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 121 above as if set forth in full herein.

123.     In answering Paragraph 123 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

124.     In answering Paragraph 124 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

125.     In answering Paragraph 125 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

126.     In answering Paragraph 126 of Plaintiff's Complaint, the Defendants are without sufficient knowledge upon which to form a belief as to the truth of the allegations contained therein, and therefore deny the same.

127.     In answering Paragraph 127 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

128.     In answering Paragraph 128 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

129.     In answering Paragraph 129 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

130.     answering Paragraph 130 of Plaintiff's Complaint, the Defendants deny the allegations contained therein

131.     In answering Paragraph 131 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

132.     In answering Paragraph 132 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

133.     In answering Paragraph 133 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

134.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 133 above as if set forth in full herein.

135.     In answering Paragraph 135 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

136.     In answering Paragraph 136 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

137.     In answering Paragraph 137 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

138.     In answering Paragraph 138 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

139.     In answering Paragraph 139 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

140.     In answering Paragraph 140 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

141.     In answering Paragraph 141 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

142.     In answering Paragraph 142 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

143.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 142 above as if set forth in full herein.

144.     In answering Paragraph 144 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

145.     In answering Paragraph 145 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

146. In answering Paragraph 146 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

147. In answering Paragraph 147 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

148. In answering Paragraph 148 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

149. In answering Paragraph 149 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

150. In answering Paragraph 150 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

151. In answering Paragraph 151 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

152. In answering Paragraph 152 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

153. In answering Paragraph 153 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

154. In answering Paragraph 154 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

155. Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 154 above as if set forth in full herein.

156. In answering Paragraph 156 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

157. In answering Paragraph 157 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

158. In answering Paragraph 158 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

159. In answering Paragraph 159 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

160. In answering Paragraph 160 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

161. In answering Paragraph 161 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

162. In answering Paragraph 162 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

163. In answering Paragraph 163 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

164. In answering Paragraph 164 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

165. In answering Paragraph 165 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

166. In answering Paragraph 166 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

167. Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 166 above as if set forth in full herein.

168. In answering Paragraph 168 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

169. In answering Paragraph 169 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

170.     In answering Paragraph 170 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

171.     In answering Paragraph 171 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

172.     In answering Paragraph 172 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

173.     In answering Paragraph 173 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

174.     In answering Paragraph 174 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

175.     In answering Paragraph 175 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

176.     Defendants adopt and incorporate by reference the responses contained in Paragraphs 1 through 175 above as if set forth in full herein.

177.     In answering Paragraph 177 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

178.     In answering Paragraph 178 of Plaintiff's Complaint, the Defendants deny the allegations contained therein.

179.     In answering Paragraph 179 of Plaintiff's Complaint, these Defendants state that the allegations contained in Paragraph 179 of the Plaintiff's Complaint contain conclusions of law to which no response is required.  To the extent a response is required, or to the extent that the allegations imply wrongdoing by the Defendants, the allegations are denied.

180.     In answering Paragraph 180 of Plaintiff's Complaint, these Defendants state that the allegations contained in Paragraph 180 of the Plaintiff's Complaint contain conclusions of

law to which no response is required. To the extent a response is required, or to the extent that the allegations imply wrongdoing by the Defendants, the allegations are denied.

181.    In answering Paragraph 181 of Plaintiff's Complaint, these Defendants state that the allegations contained in Paragraph 181 of the Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, or to the extent that the allegations imply wrongdoing by the Defendants, the allegations are denied.

182.    In answering Paragraph 182 of Plaintiff's Complaint, these Defendants state that the allegations contained in Paragraph 182 of the Plaintiff's Complaint contain conclusions of law to which no response is required. To the extent a response is required, or to the extent that the allegations imply wrongdoing by the Defendants, the allegations are denied.


## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred under the doctrine of waiver, laches, and/or estoppel.

2.    Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

4.    Plaintiff's claims are barred and/or limited by the reasons set forth in Re-Light Recycling, LLC's Counter-Claim.

5.    Plaintiff's action is barred under the doctrine of unclean hands.

6.    Plaintiff's claims are barred due to negligent and/or intentional misrepresentation.

7.    Plaintiff's claims are barred due to its consent and/or acquiescence.

8.    Plaintiff's claims are barred to the failure to join necessary and indispensable parties.

9. Plaintiff's claims are barred due to setoff.

10. Plaintiff's claims are barred due to its own course of dealing.

11. Plaintiff's claims are barred due to its own representations, actions, inactions, fraud, negligence, and/or misconduct.

12. Plaintiff's claims are barred due to accord and satisfaction and/or novation.

13. Plaintiff's claims are barred due to the Plaintiff's assumption of the risk and/or express authorization.

14. Plaintiff's claims are barred due to comparative and/or contributory fault.

15. Plaintiff's claims are barred due to superseding and intervening acts of third parties over whom Defendants had no control and/or means of control.

16. Plaintiff's claims are barred due to Plaintiff's failure to mitigate and/or minimize its damages, or alternatively, any recovery in favor of Plaintiff must be reduced in the amount of those damages it failed to mitigate and/or minimize.

17. Plaintiff's claims are barred because the damages that Plaintiff seeks are not recoverable as a matter of law and/or fact.

18. Plaintiff's claims are barred due to breach of contract and/or breach of duty of good faith and fair dealing.

19. Plaintiff's claims are barred because Plaintiff has failed to attach necessary documents pursuant to Ohio Civil Rule 10(D).

20. Any and all injuries and/or damages suffered by Plaintiff, if any, and which are expressly denied by Defendants, were directly and proximately caused by the intervening and/or superseding acts, negligence, and/or intentional conduct of others, and not the responsibility of Defendants.

21. Plaintiff's claims are barred based upon lack of personal jurisdiction.

22. Plaintiff's claims are barred based upon lack of subject matter jurisdiction.

23. Defendants have, or may have, additional defenses and/or claims arising from this action, which may be determined upon further discovery, and respectfully reserves leave to assert those defenses and/or claims at the appropriate time.

24. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

25. Section 7 of the subject Employment Agreement is unreasonable and unenforceable.

26. The subject Employment Agreement terminated with the termination of the balance of the Agreement in April, 2010.

27. Section 7 of the subject Employment Agreement is unconscionable and invalid.

28. Plaintiff's claims are barred in part or in whole by Evid. R. 408.

29. Section 7 of the subject Employment Agreement is void for lack of consideration.

30. Section 7 of the subject Employment Agreement violates public policy.

31. Plaintiff's claims are barred by the after-acquired evidence doctrine.

32. Defendants raise the defense of fraudulent inducement.

33. Defendants assert the defenses of duress, estoppel, failure of consideration, fraud in the inducement, release and waiver.

34. Plaintiff has failed to plead fraud with particularity.

35. Defendants assert the defenses of lack of consent, mistake, undue influence, unconscionability and unjust enrichment.

36. Defendants held and/or breached no duty of care to Plaintiff.

37. Plaintiff's claimed damages were caused or contributed to be caused by Plaintiff's own actions, inactions or misconduct, for which Defendants had no control.

38.    Notice of Plaintiff's violation of Rule 9, and Rule 11.

39.    Plaintiff has spoliated evidence.

40.    Plaintiff's claims are barred by the economic loss doctrine.

41.    Plaintiff's Complaint is an abuse of process, violates Civ. Rule 11.


## COUNTERCLAIM

## STATEMENT OF FACTS

1.    Jeffrey Howe ("Mr. Howe"), an individual, resides at 78 Oakridge Drive, Parkersburg, West Virginia 26104.

2.    Crescent & Sprague Supply Co., Inc., ("Crescent") is an Ohio corporation with its principal place of business located at 1100 Greene Street, Marietta, Ohio 45750. Crescent supplies electrical, plumbing, HVAC, water works and lighting supplies to consumers and contractors through its Marietta, Ohio and Athens, Ohio showrooms.

3.    Bruce Brunton, ("Mr. Brunton") acted at all times herein as President and Chief Executive Officer of Crescent.

4.    Mr. Howe worked at Crescent prior to 2004.

5.    On April 1, 2004, Mr. Howe entered into an employment agreement (the "Agreement") with Crescent (Exhibit A to the Complaint).

6.    The parties agreed that the Agreement had a termination date of April 1, 2010.

7.    At the time of the Agreement, Crescent was aware of and consented to Mr. Howe's continued involvement with Defendant Re-Light Recycling, LLC ("Re-Light").

8.    Mr. Howe fully performed his duties and obligations under the Agreement.

9.    On or around May 5, 2014, Crescent terminated Mr. Howe without cause and without notice.

10. After terminating Mr. Howe, Crescent and Mr. Brunton would not allow Mr. Howe onto the premises to collect various personal property, belongings, and effects owned by and belonging to Mr. Howe.

11. After terminating Mr. Howe, Crescent improperly terminated certain employee benefits and failed to provide Mr. Howe with earned and accrued vacation benefits.

12. After his termination by Crescent, Mr. Howe applied for a position at KAL Electric, an electrical contractor located in Athens, Ohio, and was hired by KAL Electric.

13. KAL Electric is not a competitor of Crescent.

14. After terminating Mr. Howe, Mr. Brunton called on Dirk Walton, owner of KAL Electric, a client of Crescent's, and told Mr. Walton that hiring Mr. Howe would cause Mr. Howe to breach his expired non-compete agreement. Consequently, KAL terminated Mr. Howe's employment.

15. Additionally, sometime after May 5, 2014 Mr. Brunton published certain disparaging, untrue, defamatory statements to Mr. Walton and others that were and are harmful to Mr. Howe.

## FIRST CLAIM - BREACH OF CONTRACT

16. Mr. Howe restates the previous allegations of this Counterclaim as if fully restated herein.

17. The Agreement provided Mr. Howe with a deferred compensation benefit including simple interest at 4% plus an additional bonus benefit if Crescent's net profit exceeded $200,000 in any year.

18. Mr. Howe was entitled to the deferred compensation and bonus benefits in the Agreement as of April 1, 2010.

19.     Mr. Howe earned $90,000 in deferred compensation, plus an additional $30,000 as part of the bonus benefit.

20.     Since April 1, 2010, Crescent has refused to pay Mr. Howe the full amount of the deferred compensation and bonus owed to him.

21.     As of February 28, 2015 and accounting for simple interest accruing from April 1, 2010, Mr. Howe is owed $110,822.22 in deferred compensation and bonuses per the terms of the Agreement.

22.     Mr. Howe fully performed his duties and obligations under the Agreement. Crescent has not fully performed and is in breach of the Agreement.

23.     Due to Crescent's breach of the agreement, Mr. Howe has incurred damages in the amount of $110,822.22.

## SECOND CLAIM – BREACH OF IMPLIED CONTRACT AND PROMISSORY ESTOPPEL REGARDING VACATION PAY AND EMPLOYEE BENEFITS

24.     Mr. Howe restates the previous allegations of this Counterclaim as if fully restated herein.

25.     Crescent promised Mr. Howe certain employment benefits in exchange for the service provided by Mr. Howe, including annual vacation with an ability to accrue any earned and unused vacation, and a program to reimburse Mr. Howe for out of pocket medical expenses.

26.     Mr. Howe reasonably relied Crescent's promise of continued employee benefits, including vacation and the reimbursement for out of pocket medical expenses.

27.     Mr. Howe continued to work for Crescent and to provide services to Crescent until his termination by Crescent, and Crescent retained the benefits conferred upon it by Mr. Howe.

28. As of his termination by Crescent, Mr. Howe had over 40 hours of accrued vacation time available to him.

29. As of his termination by Crescent, Mr. Howe had outstanding claims against the medical expense reimbursement policy.

30. Crescent refused and continues to refuse to pay Mr. Howe his earned, accrued and unused vacation and his outstanding claims against the medical expense reimbursement policy.

31. By failing to pay Mr. Howe's earned and accrued vacation and medical expense reimbursements, Crescent violated its vacation and benefit promises and policies and caused detriment to Mr. Howe.

32. It is unjust for Crescent to retain the benefits conferred upon it By Mr. Howe's employment without providing Mr. Howe the employee benefits promised by Crescent.

33. As a result of Crescent's breach, Mr. Howe incurred damages from the loss of his vacation and employee benefits in an amount as yet unascertained.

## THIRD CLAIM - TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

34. Mr. Howe restates the previous allegations of this Counterclaim as if fully restated herein.

35. Mr. Howe had actual and potential business and employment relationships with KAL Electric.

36. Crescent and Bruce Brunton knew about Mr. Howe's actual and potential business and employment relationships with KAL Electric.

37. Using such knowledge, Crescent and Mr. Brunton intentionally interfered with those business and employment relationships, including threatening to affect business with KAL

Electric unless KAL Electric ceased any relationships with Mr. Howe, causing a breach or termination of the relationship between Mr. Howe and KAL Electric.

38.     Crescent and Mr. Brunton lacked justification for the actions described in this claim and their conduct was improper.

39.     Mr. Howe incurred damages from the loss of the business relationships in an amount as yet unascertained but believed to exceed $25,000.

## FOURTH CLAIM - CONVERSION

40.     Mr. Howe restates the previous allegations of this Counterclaim as if fully restated herein.

41.     Mr. Howe had ownership over and an interest in certain property held on Crescent's real property, namely a sink, garage door openers, and other personal effects.

42.     Upon his termination from Crescent, Mr. Howe had and continues to have an immediate right to possession of the property.

43.     Crescent and Mr. Brunton interfered and continue to interfere with Mr. Howe's right to the property.

44.     As a result of that interference, Mr. Howe has incurred damages in an amount as yet unascertained.

## FIFTH CLAIM – OHIO UNIFORM TRADE SECRETS ACT

45.     Mr. Howe restates the previous allegations of this Counterclaim as if fully restated herein.

46.     Mr. Howe and Crescent engaged in settlement discussions prior to the filing of this lawsuit.

47.     As part of those discussions, Mr. Howe disclosed trade secrets of a business he oversees, Re-Light Recycling, LLC ("Re-Light"), namely customer and client lists, for the purpose of showing that Re-Light and Crescent were not competing with each other.

48.     Mr. Brunton and Crescent acquired Re-Light's customer and client lists under circumstances giving rise to a duty to maintain its secrecy or limit its use.

49.     Crescent used and continue to use Re-Light's trade secrets without Re-Light or Mr. Howe's express or implied consent.

50.     Crescent's use of Re-Light's trade secrets was willful and malicious.

51.     Crescent's use of Re-Light's trade secrets violates Ohio's Uniform Trade Secrets Act, codified at Ohio Rev. Code §§ 1333.61.

52.     Re-Light and Mr. Howe incurred damages from Crescent's violation of Ohio's Uniform Trade Secrets Act in an amount in excess of $25,000.

**WHEREFORE,** Mr. Howe and Re-Light Recycling, LLC demand the following relief against Crescent & Sprague Supply Co, Inc.:

1.      On the first claim of relief for breach of contract against Crescent & Sprague Supply Co, Inc., for a sum in excess of $25,000, plus interest and costs;

2.      On the second claim of relief for improper termination of employee benefit and refusal to pay vacation pay, for a sum in excess of $25,000, plus interest and costs;

3.      On the third claim of relief for tortious interference with a business relationship against Crescent & Sprague Supply Co, Inc., for a sum in excess of $25,000, plus interest and costs;

4.      On the fourth claim for conversion against Crescent & Sprague Supply Co, Inc., damages, including punitive damages, in an amount in excess of $25,000, plus interest and costs;

5.      On the fifth claim for violations of Ohio's Uniform Trade Secrets Act against Crescent & Sprague Supply Co, Inc. damages, including punitive damages, in an amount in excess of $25,000, plus interest, attorney's fees and costs;

6.      Attorney's fees and costs incurred in prosecuting this Counterclaim; and,

7.      For such other relief as this Court may deem appropriate.

Respectfully submitted,

*/s/ Michael L. Fortney*
Michael L. Fortney
Ohio State Bar No. 0032878
Joseph R. Spoonster, III
Ohio State Bar No. 0070863
**FORTNEY & KLINGSHIRN**
4040 Embassy Parkway, Suite 280
Akron, Ohio 44333
Telephone:  330-665-5445
Facsimile:   330-665-5446
fortney@fklaborlaw.com
jspoonster@fklaborlaw.com
*Counsel for Defendants*

*/s/ Michelle L. Gorman*
Michelle L. Gorman
Ohio State Bar No. 0066493
**MANNION, GRAY, UHL & HILL CO., L.P.A.**
3401 Pennsylvania Avenue, Suite B
Weirton, WV  26062
Telephone:   304-224-2006
Facsimile:    304-224-2263
mgorman@manniongray.com
*Co-Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of March, 2015, a true copy of the foregoing was electronically filed through the Court's ECF system and thereby served on all counsel presently of record.

*/s/ Michelle L. Gorman*
Michelle L. Gorman
Ohio State Bar No. 0066493
