UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRESCENT & SPRAGUE SUPPLY CO, INC. <br><br> Plaintiff, <br> vs. <br><br> RE-LIGHT RECYCLING, LLC., JEFFREY M. HOWE, and DEBORAH S. HOWE <br><br> Defendants. | CIVIL ACTION 2:15-CV-100 <br><br> JUDGE FROST <br><br> MAGISTRATE JUDGE KING |

### PLAINTIFF CRESCENT & SPRAGUE SUPPLY CO., INC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Now comes the Plaintiff, Crescent & Sprague Supply Co., Inc., by and through the undersigned counsel, and states as follows for its Answer to the Defendants' Counterclaim:

1. Plaintiff admits the allegations contained in paragraph 1 of Defendants' Counterclaim.

2. Plaintiff admits the allegations contained in paragraph 2 of Defendants' Counterclaim.

3. Plaintiff admits the allegations contained in paragraph 3 of Defendants' Counterclaim.

4. Plaintiff admits the allegations contained in paragraph 4 of Defendants' Counterclaim.

5. Plaintiff admits the allegations contained in paragraph 5 of Defendants' Counterclaim.

6. Plaintiff denies the allegations contained in paragraph 6 of Defendants' Counterclaim.

7. Plaintiff denies the allegations contained in paragraph 7 of Defendants' Counterclaim.

8. Plaintiff denies the allegations contained in paragraph 8 of Defendants' Counterclaim.

9. Plaintiff admits that Mr. Howe was "terminated on or about May 5, 2014," but denies the remaining allegations contained in paragraph 9 of Defendants' Counterclaim.

10. Plaintiff denies the allegations contained in paragraph 10 of Defendants' Counterclaim.

11. Plaintiff denies the allegations contained in paragraph 11 of Defendants' Counterclaim.

12. Plaintiff is without sufficient information to admit or deny the allegations contained in paragraph 12 of Defendants' Counterclaim. To the extent a response is required, the allegations are denied.

13. Plaintiff admits the allegations contained in paragraph 13 of Defendants' Counterclaim.

14. Plaintiff admits that Mr. Brunton has at some point "called on Dirk Walton, owner of KAL Electric, a client of Crescent's," but denies the remaining allegations of paragraph 14.

15. Plaintiff denies the allegations contained in paragraph 15 of Defendants' Counterclaim.

16. Plaintiff admits that Defendants restate the previous allegations of their Counterclaim as if fully restated therein, and Plaintiff restates its previous responses to same as if fully restated therein.

17. Plaintiff admits the allegations contained in Paragraph 17 of Defendants' Counterclaim.

18. Plaintiff denies the allegations contained in Paragraph 18 of Defendants' Counterclaim, and further states that the Agreement speaks for itself.

19. Plaintiff admits that $90,000.00 in deferred compensation and $30,000.00 in bonus benefits accrued on the deferred compensation schedule for Mr. Howe, but denies the remaining allegations of Paragraph 19 of Defendants' Counterclaim.

20. Plaintiff denies the allegations contained in Paragraph 20 of Defendants' Counterclaim.

21. Plaintiff admits that approximately $110,822.22 in deferred compensation and bonus benefits has accrued on the deferred compensation schedule for Mr. Howe, but denies the remaining allegations of Paragraph 21.

22. Plaintiff denies the allegations contained in Paragraph 22 of Defendants' Counterclaim.

23. Plaintiff denies the allegations contained in Paragraph 23 of Defendants' Counterclaim.

24. Plaintiff admits that Defendants restate the previous allegations of their Counterclaim as if fully restated therein, and Plaintiff restates its previous responses to same as if fully restated therein.

25. Plaintiff denies the allegations contained in Paragraph 25 of Defendants' Counterclaim.

26. Plaintiff is without sufficient information to admit or deny the allegations contained in paragraph 26 of Defendants' Counterclaim. To the extent a response is required, the allegations are denied.

27. Plaintiff denies the allegations contained in Paragraph 27 of Defendants' Counterclaim.

28. Plaintiff admits that upon Mr. Howe's termination he had accrued 40 hours of vacation time, but denies the remaining allegations of Paragraph 28.

29. Plaintiff is without sufficient information to admit or deny the allegations contained in Paragraph 29, but asserts that the "medical reimbursement policy" was not renewed due to Mr. Howe's for cause termination of employment. To the extent a response is required, the allegations are denied.

30. Plaintiff denies the allegations contained in Paragraph 30 of Defendants' Counterclaim, and asserts that pursuant to Crescent Policy No. 303, "Vacation Benefits," Mr. Howe has been denied accrued vacation time due to his termination of employment for cause.

31. Plaintiff denies the allegations contained in Paragraph 31 of Defendants' Counterclaim.

32. Plaintiff denies the allegations contained in Paragraph 32 of Defendants' Counterclaim.

33. Plaintiff denies the allegations contained in Paragraph 33 of Defendants' Counterclaim.

34. Plaintiff admits that Defendants restate the previous allegations of their Counterclaim as if fully restated therein, and Plaintiff restates its previous responses to same as if fully restated therein.

35. Plaintiff is without sufficient information to admit or deny the allegations contained in paragraph 35 of Defendants' Counterclaim. To the extent a response is required, the allegations are denied.

36. Plaintiff denies the allegations contained in Paragraph 36 of Defendants' Counterclaim.

37. Plaintiff denies the allegations contained in Paragraph 37 of Defendants' Counterclaim.

38. Plaintiff denies the allegations contained in Paragraph 38 of Defendants' Counterclaim.

39. Plaintiff denies the allegations contained in Paragraph 39 of Defendants' Counterclaim.

40. Plaintiff admits that Defendants restate the previous allegations of their Counterclaim as if fully restated therein, and Plaintiff restates its previous responses to same as if fully restated therein.

41. Plaintiff denies the allegations contained in Paragraph 41 of Defendants' Counterclaim.

42. Plaintiff denies the allegations contained in Paragraph 42 of Defendants' Counterclaim.

43. Plaintiff denies the allegations contained in Paragraph 43 of Defendants' Counterclaim.

44. Plaintiff denies the allegations contained in Paragraph 44 of Defendants' Counterclaim.

45. Plaintiff admits that Defendants restate the previous allegations of their Counterclaim as if fully restated therein, and Plaintiff restates its previous responses to same as if fully restated therein.

46. Plaintiff admits the allegations contained in Paragraph 46 of Defendants' Counterclaim.

47. Plaintiff admits that during the course of the discussions mentioned in Paragraph 46, Mr. Howe disclosed certain customers of Re-Light. Plaintiff denies the remaining allegations of Paragraph 47.

48. Plaintiff denies the allegations contained in Paragraph 48 of Defendants' Counterclaim.

49. Plaintiff denies the allegations contained in Paragraph 49 of Defendants' Counterclaim.

50. Plaintiff denies the allegations contained in Paragraph 50 of Defendants' Counterclaim.

51. Paragraph 51 states a legal conclusion for which no response is required. To the extent the Court determines otherwise, Plaintiff denies the allegations of Paragraph 51.

52. Plaintiff denies the allegations contained in Paragraph 52 of Defendants' Counterclaim.

Plaintiff further denies that Defendants are entitled to the relief set forth in the "Wherefore" clause of their Counterclaim.

PLAINTIFF'S AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

1. Plaintiff asserts that they did not breach any duty owed to Defendants, contractual or otherwise, nor did they violate any statutes or laws of the State of Ohio, nor did they engage in any other wrongful conduct, including intentional conduct, relative to the employment of Mr. Howe, the Employment Agreement, Mr. Howe's termination and events arising therefrom.

2. Plaintiff asserts that the damages of which Defendants complain, if any, were proximately caused by the negligence, misrepresentation, fraud and/or other

wrongful conduct of other persons and/or entities for whose conduct Plaintiff is not vicariously liable or responsible.

3. Defendants' own acts or omissions contributed to the injuries and damages complained of herein.

4. Defendants have failed to state a claim upon which relief may be granted.

5. Plaintiff asserts failure to mitigate damages as an affirmative defense to the extent evidence in this case warrants its application.

6. Plaintiff asserts violation of the applicable statute of limitations as an affirmative defense to the extent the evidence in this case warrants its application.

7. Defendants' counterclaim is barred by the doctrine of unclean hands.

8. Plaintiff asserts failure to join indispensable parties as an affirmative defense to the extent the evidence in this case warrants its application.

9. Plaintiff asserts that Defendants' Counterclaim is barred by intervening acts of third parties and/or superseding events to the extent the evidence in this case warrants its application.

10. Defendants' Counterclaim is barred due to Defendants' failure to mitigate damages.

11. Defendants' Counterclaim is barred by fraud, intentional misrepresentation and/or negligent misrepresentation.

12. Plaintiff asserts that the Defendants' alleged damages are barred or limited by the Economic Loss Rule.

13. Plaintiff asserts assumption of the risk, comparative negligence and/or fault as affirmative defenses to the extent the evidence in this case warrants their application.

14. Plaintiff asserts that Defendants' counterclaim and request for relief are barred due to setoff arising out of Defendants' own course of conduct as set forth in Plaintiff's Complaint.

15. Plaintiff asserts estoppel and/or wavier as an affirmative defense to the extent that evidence in this case warrants its application.

16. Plaintiff asserts that Defendants' Counterclaim is barred by novation and/or accord and satisfaction.

17. Plaintiff has not engaged in any wrongful conduct which would form an appropriate basis or predicate for Defendants to recover punitive or exemplary damages against Plaintiff.

18. Plaintiff assets that Defendants' Counterclaim is barred by Ohio's Faithless Servant Doctrine.

19. Plaintiff raises any defenses available under the applicable statute of frauds.

20. Defendants' Counterclaim is barred due to consent and/or express authorization.

21. Plaintiff asserts the defense of unjust enrichment.

22. Defendants' Counterclaim is barred due the facts and circumstances arising out of their own course of dealing.

23. Plaintiff asserts that Defendants' Counterclaim is barred by the after-acquired evidence doctrine to the extent the evidence in this case warrants its application.

24. Plaintiff asserts and incorporates by reference its pleadings and claims against the Defendants in this action to the extent same may be applicable as defenses to the Defendants' Counterclaim.

25. Plaintiff, not being fully advised of all facts and circumstances surrounding this Counterclaim, asserts all affirmative defenses, and notices Defendants of same, as set forth in Rules 8(c), 9, 10(D), 11 and 12 of the Rules of Civil Procedure, and such other defenses, affirmative or otherwise, as may prove applicable through investigation and discovery.

Respectfully submitted,

/s/ Jared Erb

_____
Jared Erb
(Ohio Reg. No. 0088665)
Jared Erb Attorney at Law
609 Putnam Street
Marietta, Ohio 45750
(740) 350-8212 (phone)
(740) 373-1934 (fax)
jaredterb@gmail.com (email)
*Counsel for Plaintiff Crescent & Sprague Supply Co., Inc.*

CERTIFICATE OF SERVICE

The undersigned asserts that, on April 17, 2015, a true and accurate copy of *Crescent & Sprague Supply Co., Inc.'s Answer to Defendants' Counterclaim* was electronically filed through the Court's ECF System and thereby served on all attorneys of record.

/s/ Jared Erb

_____
Jared Erb
(Ohio Reg. No. 0088665)
*Counsel for Plaintiff Crescent & Sprague Supply Co., Inc.*