THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Crescent & Sprague Supply Co., Inc., | : | Case No. 2:15-cv-100 |
| Plaintiff(s) | : | District Judge: Frost |
| | : | Magistrate Judge: King |
| vs. | : | |
| Re-Light Recycling, LLC, | : | RULE 26(f) REPORT OF PARTIES |
| Jeffrey S. Howe and Deborah S. Howe, | : | (to be filed no fewer than seven (7) |
| Defendant(s) | : | days prior to the Rule 16 Conference) |

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on March 9, 2015 and was attended by:

   Jared T. Erb, counsel for plaintiff(s) Crescent & Sprague Supply Co., Inc.

   Michael L. Fortney, counsel for defendant(s) all named Defendants

   Michelle L. Gorman, counsel for defendant(s) all named Defendants

2. **Consent to Magistrate Judge**. The parties:

   ___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

   _x_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3. **Initial Disclosures**. The parties:

   ___ have exchanged the initial disclosures required by Rule 26(a)(1);

   _x_ will exchange such disclosures by April 23, 2015 – Preliminary Pretrial Conference

   ___ are exempt from such disclosures under Rule 26(a)(1)(E).

   ___ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

   a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

   None.

b.   Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:  <u>None</u>.

c.   Recommended date for filing motions addressing jurisdiction and/or venue:  <u>None</u>.

5. **Amendments to Pleading and/or Joinder of Parties**

   a.   Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:  <u>June 1, 2015</u>

   b.   If class action, recommended date for filing motion to certify the class:  <u>          </u>

6. **Recommended Discovery Plan**

   a.   Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

   **Plaintiff:**  Re-Light Recycling, LLC e-mails and business records, customer lists, phone logs and records, AEP Ohio Rebate Information, Financial Records of Defendants, and related information pertaining to Plaintiff's claims.  Defendants' Breach of Contract Counterclaim, Defendants' Breach of Implied Covenant and Promissory Estoppel Regarding Vacation Pay and Employee Benefits Counterclaim, Defendants' Tortious Interference with a Business Relationship Counterclaim, Defendants' Conversion Counterclaim, Defendants' Ohio Uniform Trade Secrets Act Counterclaim.

   **Defendants:**  Plaintiff's Breach of Contract claim against Jeffrey Howe, the Validity and Enforceability of the Employment Agreement, Plaintiff's Breach of Fiduciary Duty claim against Defendant Jeffrey Howe, Plaintiff's Tortious Interference claim against Defendant Jeffrey Howe, Plaintiff's claim of Fraud against Defendant Re-Light Recycling, LLC and Jeffrey Howe, Plaintiff's Claim of Conversion against Jeffrey Howe and Deborah Howe, Plaintiff's claim of Violation of Faithless Servant Doctrine by Jeffrey Howe, Plaintiff's Claim of Misappropriation of Trade Secrets, Plaintiff's claim of Civil Conspiracy and Plaintiff's claim for Injunctive Relief and Constructive Trust.

   b.   What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

   <u>None at this time; parties will further discuss at the Preliminary Pretrial Conference on April 23, 2015</u>

   c.   The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

   <u>Electronically stored information will provided on CD, USB drive or via electronic drop box.</u>

   <u>Electronically stored data shall be produced in native form.</u>

d. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

None at the present time.

     i. Have the parties agreed on a procedure to assert such claims **AFTER** production?

     ___ No

     _x_ Yes

     ___ Yes, and the parties ask that the Court include their agreement in an Order.

e. Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

None at the present time.

f. The parties recommend that discovery should proceed in **phases**, as follows:

Discovery will commence at the close of (responsive) pleadings.

g. Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

The Defendant has filed a Counter-Claim, but the response to the Counter-Claim is not due. At this point in the litigation, it is premature to disclose all areas of expert testimony.

Plaintiff may retain a forensic accountant, and Defendants reserve the right to retain the same for rebuttal.

     i. Recommended date for making **primary expert designations**:

     July 6, 2015

     ii. Recommended date for making **rebuttal expert designations**:

     August 17, 2015

h. Recommended discovery **completion date**: October 1, 2015

7. **Dispositive Motion**(s)

    a. Recommended date for filing dispositive motions: <u>October 22, 2015</u>

8. **Settlement Discussions**

    a. Has a settlement demand been made? <u>No.</u> A response? _____

    b. Date by which a settlement demand can be made: <u>May 15, 2015</u>

    c. Date by which a response can be made: <u>May 30, 2015</u>

9. **Settlement Week Referral**

    The earliest Settlement Week referral reasonably likely to be productive is the

    <u>   March 20   </u>    Settlement Week

    <u>   June 20<b>15</b>   </u>    Settlement Week

    <u> x  September 20    </u>    Settlement Week

    <u>   December 20    </u>    Settlement Week

10. **Other matters for the attention of the Court:**

    <u>None at the present time.</u>

**Signatures:**

| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
|---|---|
| /s/ Jared T. Erb | /s/ Michelle L. Gorman |
| Ohio Bar# 0088665 | Ohio Bar# 0066493 |
| Trial Attorney for <u>Plaintiff</u> | Trial Attorney for <u>Defendants</u> |
| | /s/ Michael L. Fortney |
| Ohio Bar# | Ohio Bar#0032878 |
| Trial Attorney for | Trial Attorney for <u>Defendants</u> |